NO. 07-04-0585-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 2, 2005
_____

WAYNETTA DEMETRIS ROBERSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;

NO. 3857; HON. STEVEN R. EMMERT, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Waynetta Demetris Roberson (appellant) appeals her conviction for possession of a controlled substance. The clerk's record and supplemental record were filed on March 14, 2005, and the reporter's record was filed on January 13, 2005, and April 11, 2005. Thus, appellant's brief was due May 11, 2005. That date passed without appellant filing a brief, however. So, on May 20, 2005, this court notified appellant that neither the brief nor an extension of time to file it had been received by the court. Appellant was also

admonished that if he did not respond to the court's letter by May 31, 2005, the appeal would be abated to the trial court. No response or brief has been received by the court.

Consequently, we abate this appeal and remand the cause to the 31st District Court of Wheeler County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.　　whether appellant desires to prosecute the appeal;

2.　　whether appellant is indigent and entitled to appointed counsel; and,

3.　　whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the

clerk of this court on or before July 1, 2005.  Should additional time be needed to perform these tasks, the trial court may request same on or before July 1, 2005.

It is so ordered.

Per Curiam

Do not publish.